STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, SS                            CR-12-998
                                        MMM-KEN- 8/3/2013


STATE OF MAINE

v.                                      ORDER ON DEFENDANT'S MOTIONS
                                        TO SUPPRESS

JOSHUA ERSKINE


## Background

Before the Court are two motions to suppress, one pertaining to physical evidence
and the other to statements. The Defendant has been indicted for Class A Manslaughter
and Class B Aggravated Criminal OUI which the State alleges were committed on March
30, 2012. The State is represented by Deputy District Attorney Fern Larochelle and the
Defendant is represented by Attorney Pam Ames. Hearing on the motions was conducted
on May 9, 2013. The parties submitted written arguments, the last of which was received
by the Court on July 13, 2013. The Court has considered the testimony and evidence
submitted at hearing, the parties' arguments, and issues the following findings and order.

## Findings

Sgt. Christopher Shaw of the Augusta Police Department was called to the scene
of a motor vehicle accident in Augusta on March 30, 2012. Officer Shaw testified that
before he arrived at the scene he was not aware of how serious the accident was, but soon
learned that it was more than just a two-car accident. A pedestrian had been struck and
had sustained life-threatening injuries.

1

The parties agree that Sgt. Shaw, after speaking with other law enforcement officers, conducted a warrantless search of the Defendant's glove compartment, purportedly in search of registration and proof of insurance. However, Sgt. Shaw did not seize those documents, but instead seized a pack of cigarettes. He shook it, and then removed pills from it. He then opened the center console of the vehicle, found an expired registration, but again seized pills from another pack of cigarettes. (Defendant's Exhibits 1-5).

Sgt. Shaw testified that he did not ask permission from the Defendant to search the car, even though the Defendant was being interviewed by other law enforcement officers and was apparently uninjured in the accident. He also conceded that he had no probable cause to believe that there was any contraband in the vehicle when he searched it. Apparently under instructions from prosecutors at the scene, Sgt. Shaw did not take official possession of any of the pills he found in the packages of cigarettes but instead put them back where he found them. He did share with others law enforcement officers what he had found in his searches.

In partial reliance upon the information from Sgt. Shaw, Sgt. Michael Pion sought and obtained a search warrant (State's Exh. 1). The affidavit in support of the warrant request included the information from Sgt. Shaw (paragraph 8 of affidavit) as well as a number of other factual assertions, including statements made by the Defendant to another officer that he had consumed Percocet and smoked marijuana before the crash. (Par. 9 of affidavit). More specifically, as Officer Peter Cloutier testified at hearing, he was charged with transporting the Defendant to the August Police Department for administration of a breath test when then-District Attorney Alan Kelly re-directed him to

2

a local hospital to have the Defendant give a blood sample. When Officer Cloutier told the Defendant where he was going the Defendant told him that they would find Percocet in his blood. [1]

At hearing the State conceded that Sgt. Shaw's searches were illegal under the 4th Amendment. The parties disagree, however, as to whether suppression is constitutionally required. The State argues that under *State v. Nadeau*, 1 A.3d 445 (Me. 2010) the pills would have been "inevitably discovered" and that they are admissible also under the "independent source" doctrine articulated in *State v. Rabon*, 930 A.2d 268 (Me. 2007). The Defendant characterizes the physical evidence as "fruit of the poisonous" tree, namely Sgt. Shaw's warrantless and nonconsensual search of his vehicle. The Defendant argues that the statements made to Officer Cloutier should be suppressed as they were the product of custodial interrogation, while the State argues that they were volunteered statements.

The Court will address the issues of the statements and physical evidence separately.

### *Statements made by the Defendant to Officer Cloutier*

The Defendant's motion to suppress seems to challenge statements the Defendant made to Officer Cloutier as well as statements made to Trooper Chretien. However, the Defendant's written argument addresses only statements made to Officer Cloutier after he was placed in a police cruiser, and so the Court will address that argument only.

---

[1] A similar admission was made by the Defendant to Trooper Joseph Chretien. Trooper Chretien testified that he was called to administer a drug recognition examination to the Defendant who after *Miranda* admitted that he had consumed Percocet and marijuana.

The parties agree that the Defendant was in custody from when he was placed in the cruiser after having been told that he needed to take an inoxylyzer test. [2] It also is uncontested that shortly after leaving the scene, Officer Cloutier was advised that he should not take the Defendant to the Augusta Police station but instead should take him to a local hospital to undergo blood testing.

The defense argument is that Officer Cloutier should have known that his statement to the Defendant– that he was not going to APD but to a local hospital for blood testing – was "reasonably likely to elicit an incriminating response" from the Defendant. *Rhode Island v. Innis,* 446 U.S. 291 (1980). The Defendant is correct that the test is an objective one. The Defendant is also correct that statements (even questions) characterized by brevity, neutrality, and an absence of intent to elicit a confession or admission do not constitute interrogation. *State v. Simoneau,* 402 A.2d 870, 873 (Me. 1979).

The Court would characterize the nature of the statement made by Officer Cloutier as brief and neutral. In addition, the Court finds that the motivation of Officer Cloutier was clearly to let the Defendant know – as he should have – where he was being taken and why. It was spontaneously made by Officer Cloutier immediately after he was directed by the District Attorney to take the Defendant to a different destination than had been previously been advised. It seems highly unlikely that the statement was intended to elicit an incriminating statement, and viewed objectively, was much more likely to simply have been intended to provide basic and humane information to the Defendant.

---

[2] The Defendant does not argue either in his motion or memorandum that law enforcement had no justification for taking him into custody for this purpose. See 29-A Sections 2521, 2522.

The Court, therefore, finds that the Defendant's statement – that the police would find Percocet in his blood – was a volunteered statement not subject to suppression.

*Physical evidence seized after execution of the search warrant*

The chronology of these events makes clear that law enforcement had significant information in regards to the Defendant's operation of his motor vehicle on the date in question before the search warrant was obtained. That information is set out in the affidavit of Sgt. Pion, paragraphs two through nine. As previously mentioned, paragraph 8 sets forth the information regarding Sgt. Shaw's illegal search of the Defendant's glove compartment and console. However, if the Court excises from the warrant the illegally obtained information – namely the discovery of the pills by Sgt. Shaw – there was still sufficient probable cause established[3] without that information.

Under the so-called "independent source" theory set out in *State v. Rabon*, 930 A.2d 268, 275-276 (Me. 2010), evidence which might otherwise be subject to suppression may be admitted at trial if without the illegally obtained information the warrant is still based on sufficient, untainted independent sources. See also, *State v. Storer*, 583 A.2d 1016, 1019 (Me. 1990).

Without the information contained in paragraph 8 of Sgt. Pion's affidavit, the District Court Judge could have found probable cause based upon the Defendant's statement to Officer Cloutier that law enforcement would find the presence of Percocet in his blood, as well as evidence observed at the scene by Sgt. Pion about where the Defendant's car had traveled before impact, where the other vehicle was when it was

---

[3] Having found the statements to Officer Cloutier not subject to suppression, those statements can unquestionably be considered by the Court in assessing whether probable cause existed for the issuance of the search warrant.

5

struck, where the deceased pedestrian was struck, what appeared to officer to be dubious claims by the Defendant about the cause of his flat tire, as well as Sgt. Pion's conclusion about the excessive speed of the Defendant's vehicle. (Paragraphs 2-7 and 9). This information was certainly sufficient for the District Court to find that probable cause existed to believe that the Defendant was at least operating a motor vehicle under the influence of drugs, and that evidence of this offense would be found in the vehicle.

With respect to the State's claim that the warrant was valid under the "inevitable discovery" doctrine, the State bears the burden to establish that "evidence found because of a Fourth Amendment violation would inevitably have been discovered lawfully." *State v. Nadeau*, 1 A.3d 445 (Me. 2011). In *Nadeau*, the Court held that a court must consider three elements when making this determination: first, the evidence could have been lawfully obtained from other evidence that is truly independent from the illegal search; second, the evidence would inevitably been discovered by such lawful, independent evidence; and third, the application of the doctrine must neither provide an incentive for police misconduct nor significantly weakens fourth amendment protections. *Id.* at 459.

Given Sgt. Pion's credible testimony that standard procedure in a serious motor vehicle accident case would be to impound the vehicle and then apply for a search warrant, and the Court's finding that even excising the information from the illegal search that there was sufficient probable cause to justify issuance of the warrant, the Court finds that a search warrant would have been obtained. In addition, the Court finds that the information in the search warrant, paragraphs 2-7,9, are truly independent from the information in paragraph 8 which describes the illegally described information. Finally, the Court finds that the subsequent but prompt request for the warrant "demonstrated an

6

absence of overreaching and an intention to comply with the fundamental protections of the Fourth Amendment." *Id.* at 462. The Court concludes therefore that the inevitable discovery doctrine would allow the admission at trial of the physical evidence seized as a result of the search warrant.

Although not argued at the time of the hearing, the Defendant now argues in his Memorandum that the illegal search by Sgt. Shaw should also require the suppression of the drug recognition evidence obtained by Trooper Chretien. As the Court understands the argument, the Defendant claims that this evidence is also the "fruit of the poisonous tree." However, the Court finds that this evidence was obtained lawfully as law enforcement officers had sufficient evidence to compel him to submit to this testing, as the Defendant seems to have conceded (see footnote 2). At the time he was seized to accompany Officer Cloutier, law enforcement knew about the legally-obtained information Trooper Pion had obtained substantial information regarding the Defendant's operation of the motor vehicle which was referred to in his later-obtained search warrant. Before the blood test was administered they could also have relied upon the Defendant's admission that they would find Percocet in his blood. Under Maine law, they had legal justification to compel that the Defendant submit to this testing given this independently-sourced probable cause, along with the likelihood that a death had occurred or would occur. See Title 29-A Sections 2521, 2522.

The entry will be: Defendant's Motion to Suppress Statements is DENIED. The

Defendant's Motion to Suppress Physical Evidence is DENIED.


_8/3/13_

**DATE**

_~~Michael~~_

**SUPERIOR COURT JUSTICE**

8

SUPERIOR COURT

KENNEBEC, ss.

Docket No  AUGSC-CR-2012-00998

**DOCKET RECORD**

DOB: 01/26/1988

Attorney: PAMELA AMES          State's Attorney: EVERT FOWLE

        LAW OFFICE OF PAMELA J AMES

        237 MAIN STREET

        WATERVILLE ME 04901

        APPOINTED 01/31/2013

Filing Document: INDICTMENT        Major Case Type: FELONY (CLASS A,B,C)

Filing Date: 12/13/2012

## Charge(s)

**1  MANSLAUGHTER**           **03/30/2012 AUGUSTA**

**Seq 4248  17-A  203(1)(A)**      **Class A**

  **CLOUTIER**       **/ AUG**

**2  OPERATING UNDER THE INFLUENCE-DEATH**     **03/30/2012 AUGUSTA**

**Seq 11517 29-A  2411(1-A)(D)(1-A)**    **Class B**

  **CLOUTIER**       **/ AUG**

## Docket Events:

12/13/2012 FILING DOCUMENT -  INDICTMENT FILED ON 12/13/2012

      TRANSFER -  BAIL AND PLEADING GRANTED ON 12/13/2012

      TRANSFER -  BAIL AND PLEADING REQUESTED ON 12/13/2012

12/13/2012 Charge(s): 1,2

      WARRANT - $20,000.00 ON COMP/INDICTMENT ORDERED ON 12/13/2012

      DONALD H MARDEN , JUSTICE

      $20,000.00 CASH..NO DRIVING A MV..TO SUBMIT TO RANDAM SEARCH AND TEST FOR DRUGS AND ALCHOL

      AT ANY TIME

12/13/2012 Charge(s): 1,2

      WARRANT - $20,000.00 ON COMP/INDICTMENT ISSUED ON 12/13/2012

      $20,000.00 CASH..NO DRIVING A MV..TO SUBMIT TO RANDAM SEARCH AND TEST FOR DRUGS AND ALCHOL

      AT ANY TIME

12/13/2012 Charge(s): 1,2

      WARRANT -  ON COMP/INDICTMENT MODIFY ACKNOWLEDGED ON 12/13/2012 at 03:09 p.m.

12/28/2012 Charge(s): 1,2

      WARRANT -  ON COMP/INDICTMENT EXECUTED BY AGENCY ON 12/28/2012 at 05:20 p.m.

01/02/2013 Charge(s): 1,2

      HEARING -  ARRAIGNMENT SCHEDULED FOR 12/31/2012 at 01:00 p.m.

01/02/2013 Charge(s): 1,2

      HEARING -  ARRAIGNMENT HELD ON 12/31/2012

DONALD H MARDEN , JUSTICE
READING WAIVED.  DEFENDANT INFORMED OF CHARGES.  COPY OF INDICTMENT/INFORMATION GIVEN TO
DEFENDANT.  21 DAYS TO FILE MOTIONS
01/02/2013 Charge(s): 1,2
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 12/31/2012


01/02/2013 TRIAL - DOCKET CALL SCHEDULED FOR 02/05/2013 at 08:30 a.m.


01/02/2013 BAIL BOND - CASH BAIL BOND SET BY COURT ON 12/31/2012
DONALD H MARDEN , JUSTICE
NO USE OR POSSESSION OF INTOXICANTS AND RANDOM SEARCH AND TEST FOR THE SAME
01/04/2013 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 01/04/2013


01/09/2013 TRIAL - DOCKET CALL NOTICE SENT ON 01/31/2013


01/09/2013 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 01/07/2013
M MICHAELA MURPHY , JUSTICE
COPY TO PARTIES/COUNSEL
01/09/2013 Party(s): JOSHUA A ERSKINE
ATTORNEY - PARTIALLY INDIGENT ORDERED ON 01/07/2013


Attorney: STEPHEN BOURGET
01/14/2013 MOTION - MOTION FOR EXTENSION OF TIME FILED BY DEFENDANT ON 01/14/2013


01/16/2013 MOTION - MOTION FOR EXTENSION OF TIME GRANTED ON 01/15/2013
DONALD H MARDEN , JUSTICE
COPY TO PARTIES/COUNSEL                                             GRANTED TO
2/21/13.
01/29/2013 MOTION - MOTION FOR EXTENSION OF TIME FILED BY DEFENDANT ON 01/29/2013


01/29/2013 MOTION - MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 01/29/2013


01/31/2013 MOTION - MOTION FOR EXTENSION OF TIME GRANTED ON 01/29/2013
ANDREW M HORTON , JUDGE
COPY TO PARTIES/COUNSEL                                             EXTENSION IS
FOR 21 DAYS AFTER NEW COUNSEL'S DATE OF APPOINTMENT.
01/31/2013 MOTION - MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 01/31/2013
M MICHAELA MURPHY , JUSTICE
COPY TO PARTIES/COUNSEL
01/31/2013 Party(s): JOSHUA A ERSKINE
ATTORNEY - WITHDRAWN ORDERED ON 01/31/2013


Attorney: STEPHEN BOURGET
01/31/2013 Party(s): JOSHUA A ERSKINE
ATTORNEY - APPOINTED ORDERED ON 01/31/2013


Attorney: PAMELA AMES
02/06/2013 TRIAL - DOCKET CALL HELD ON 02/05/2013
THOMAS E HUMPHREY , SUPERIOR COURT CHIEF JUSTICE
Defendant Present in Court
02/06/2013 Charge(s): 1,2
TRIAL - DOCKET CALL SCHEDULED FOR 04/02/2013 at 09:00 a.m.

02/11/2013 BAIL BOND - $5,000.00 CASH BAIL BOND FILED ON 02/11/2013

        Bail Receipt Type: CR
        Bail Amt: $5,000
                             Receipt Type: CK
        Date Bailed: 02/10/2013      Prvdr Name: PAUL MEYER
                             Rtrn Name: PAUL MEYER

02/21/2013 MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 02/21/2013

        Attorney: PAMELA AMES
        PHYSICAL EVIDENCE AND STATEMENTS
03/03/2013 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 04/02/2013 at 09:00 a.m.

        NOTICE TO PARTIES/COUNSEL
03/11/2013 LETTER - REQUEST FOR PROTECTION FILED ON 03/11/2013

        Attorney: PAMELA AMES
04/05/2013 HEARING - MOTION TO SUPPRESS CONTINUED ON 04/02/2013

04/08/2013 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 05/09/2013 at 01:00 p.m.

        NOTICE TO PARTIES/COUNSEL
04/08/2013 HEARING - MOTION TO SUPPRESS NOTICE SENT ON 04/08/2013

04/09/2013 MOTION - MOTION TO CONTINUE FILED BY STATE ON 04/09/2013

        DA: FERNAND LAROCHELLE
04/11/2013 MOTION - MOTION TO CONTINUE GRANTED ON 04/10/2013
        NANCY MILLS , JUSTICE
        COPY TO PARTIES/COUNSEL
04/11/2013 Charge(s): 1,2
        TRIAL - DOCKET CALL NOT HELD ON 04/02/2013

04/11/2013 Charge(s): 1,2
        TRIAL - DOCKET CALL SCHEDULED FOR 06/04/2013 at 09:00 a.m.

05/13/2013 HEARING - MOTION TO SUPPRESS HELD ON 05/09/2013
        M MICHAELA MURPHY , JUSTICE
        Attorney: PAMELA AMES
        DA: FERNAND LAROCHELLE        Reporter: JANETTE COOK
        Defendant Present in Court
05/13/2013 MOTION - MOTION TO SUPPRESS UNDER ADVISEMENT ON 05/13/2013
        M MICHAELA MURPHY , JUSTICE
06/05/2013 Charge(s): 1,2
        TRIAL - DOCKET CALL HELD ON 06/04/2013
        DONALD H MARDEN , JUSTICE
        Defendant Present in Court

        JUSTICE MURPHY CONTINUED CASE TO AUGUST
06/05/2013 Charge(s): 1,2
        TRIAL - DOCKET CALL SCHEDULED FOR 08/06/2013 at 09:00 a.m.

06/11/2013 MOTION -  MOTION FOR EXTENSION OF TIME FILED BY DEFENDANT ON 06/11/2013

        Attorney:  PAMELA AMES
        MOTION TO EXTEND DEADLINE FOR DEFENDANT'S MEMORANDUM OF LAW
06/18/2013 MOTION -  MOTION FOR EXTENSION OF TIME GRANTED ON 06/16/2013
        M MICHAELA MURPHY , JUSTICE
        COPY TO PARTIES/COUNSEL
07/09/2013 MOTION -  MOTION TO CONTINUE FILED BY DEFENDANT ON 07/09/2013


07/09/2013 OTHER FILING -  MEMORANDUM OF LAW FILED ON 07/09/2013

        Attorney:  PAMELA AMES
        DEFENDANT'S MEMORANDUM ON MOTION TO SUPPRESS
07/11/2013 MOTION -  MOTION TO CONTINUE GRANTED ON 07/09/2013
        M MICHAELA MURPHY , JUSTICE
        COPY TO PARTIES/COUNSEL
07/12/2013 OTHER FILING -  MEMORANDUM OF LAW FILED ON 07/12/2013

        Attorney:  FERNAND LAROCHELLE
        MEMORANDUM
08/07/2013 Charge(s): 1,2
        TRIAL -  DOCKET CALL HELD ON 08/06/2013
        M MICHAELA MURPHY , JUSTICE
        Defendant Present in Court
08/07/2013 MOTION -  MOTION TO SUPPRESS DENIED ON 08/03/2013
        M MICHAELA MURPHY , JUSTICE
        COPY TO PARTIES/COUNSEL

A TRUE COPY
ATTEST:  _____
                Clerk